**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TIMOTHY FOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18cv00325 |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant, The Lincoln National Life Insurance Company ("Defendant") hereby removes the Petition filed by Plaintiff Timothy Fox ("Plaintiff") in the 149th District Court of Brazoria County, Texas as follows:

**FACTUAL BACKGROUND**

On September 5, 2018, Plaintiff filed a petition in an action entitled *Timothy Fox v. The Lincoln National Life Insurance Company*, in the 149th District Court of Brazoria County, Texas; Case No. 98533-CV (the "State Action"). Copies of Plaintiff's Petition, any other pleadings or orders on file in this action, and all documents required by Local Rule 81 are attached hereto. Defendant was served with process in the State Action through the Secretary of State on September 10, 2018, and this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

This action is removed to this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332 and removable to this Court under 28 U.S.C. § 1441. Specifically, Defendant is incorporated in Indiana and has its

principal place of business in Radnor, Pennsylvania. Plaintiff, as alleged in the Complaint, is a resident of Texas,[1] and as described in detail below, the amount in controversy is in excess of $75,000. This Notice of Removal is supported by the Affidavit of Thomas J. Vargo, attached hereto as Exhibit "4" and incorporated herein by reference.

The Complaint in the State Action asserts that Plaintiff made a timely application for benefits[2] for monthly disability payments from a disability plan underwritten by Defendant[3] and that such monthly benefits remain payable as Plaintiff is totally disabled and his medical conditions have not improved.[4] Plaintiff's Petition includes causes of action of breach of duty or good faith and fair dealing and breach of insurance contract. By the State Action, Plaintiff seeks to recover from Defendant disability benefits (presumably until Plaintiff turns 65),[5] along with economic damages, mental anguish, exemplary damages, pre and post-judgment interest, and attorney's fees and costs.[6]

**Past and Future Benefits**

The Affidavit of Thomas J. Vargo states that the combined past and future benefits sought by Plaintiff total $204,360.00,[7] which greatly exceeds the $75,000 amount in controversy threshold. As reflected in the claim form for disability benefits that was completed and submitted by Plaintiff,[8] Plaintiff's birthdate is in 1958; therefore, he will turn 65 during 2023. In the Complaint, Plaintiff states that he received benefits from the Plan but that his benefits were terminated after the initial twenty-four month period elapsed, when Defendant determined he was

---

1 Complaint at ¶ 2.
2 Complaint at ¶ 6.
3 Complaint at ¶ 5.
4 Complaint at ¶ 7.
5 Plaintiff alleges he is totally disabled and his condition has not improved (Complaint at ¶ 7); pursuant to the terms of the Policy, the maximum benefit period for which Plaintiff may receive benefits is until age 65 (Exhibit A to Affidavit of Thomas J. Vargo, Exhibit 4 at p. 3).
6 Complaint at ¶¶ 14 and 15).
7 Exhibit 4, Affidavit of Thomas J. Vargo at ¶ 6.
8 Exhibit B to Affidavit of Thomas J. Vargo, Exhibit 4.

no longer totally disabled.[9] As reflected in Defendant's March 30, 2015, letter to Plaintiff[10] the monthly benefit Plaintiff received under the Plan was $2,724.80, until his benefits were terminated effective January 1, 2017.[11] Between January 2017 and Plaintiff's 65th birthday in 2023,[12] there are 75 full months, so the disability benefits sought by Plaintiff total at least $204,360.00 (75 months x $2,724.80) without including a discount factor.[13] When the future benefits are discounted by 4%, which is the current Pension Benefit Guaranty Board interest rate that is used to determine lump sums for deferred annuities,[14] the value of the benefits sought by Plaintiff total at least $195,052.16,[15] which also exceeds the $75,000 threshold.

**Past Benefits and Other Damages Claimed**

Moreover, past due benefits for Plaintiff's disability claim total $59,945.60 (22 months X $2,724.80). In addition to these benefits, Plaintiff also seeks economic damages, mental anguish, exemplary damages, pre and post judgement interest, court fees and costs, and attorneys' fees. At the outset, it should be noted that Plaintiff failed to comply with Tex. R. Civ. P. 47(c), which requires him to specify a bracket of damages that he seeks.

It should be noted that the Fifth Circuit follows a common sense approach to determine whether the defendant has met its burden with respect to the amount in controversy. *See*, Roberton v. Exxon Mobil Corp., 814 F.3d 236, 240-41 (5th Cir. 2015). A court should apply common sense in determining whether the other elements of Plaintiff's damages (economic damages, mental anguish, exemplary damages, interest, and attorneys' fees and costs) will result in the amount in

---

9 Complaint at ¶ 7.
10 Exhibit D to Affidavit of Thomas J. Vargo.
11 Complaint at ¶ 13.
12 Plaintiff's specific month and date of birth during 1958 are redacted pursuant to Fed. R. Civ. P. 5.2.
13 Affidavit of Thomas J. Vargo at ¶ 6.
14 "Interest Rates for Determining Lump Sums," Pension Benefit Guaranty Corporation website, http://www.pbgc.gov/prac/interest/vls.html.
15 Affidavit of Thomas J. Vargo at ¶ 6.

controversy being greater than $75,000. With the past benefits totaling $59,945.60, it is clear that the other damages claims by Plaintiff will bring the total over the threshold.

For example, a review of some very conservative attorney's fees awards from similar cases in the Houston area reflects that common sense would dictate that the amount sought by Plaintiff for attorneys' fees, alone, would far exceed even a modest $20,000, which would raise the amount in controversy over the $75,000 threshold. For example, $35,000 in attorneys' fees have been awarded in a case in which a jury awarded $33,000 in a disability insurance coverage case. Hudspeth v. Enterprise Life Ins. Co., 358 S.W.3d 373 (Tex. App. – Houston [1st Dist.] 2011, no pet.). Attorneys' fees of $27,662.50 were awarded in a disability income case governed by ERISA (29 U.S.C. § 1001, et seq.), which cases are normally decided on an administrative record and without discovery. Johnson v. Prudential Ins. Co. of Amer., No. H-06-0130, 2008 WL 901526 (S.D. Tex. 2008) (copy attached). The Fifth Circuit has upheld a $24,405.00 attorneys' fee award in an older ERISA disability income case. Wegner v. Standard Ins. Co., 129 F.3d 814 (5th Cir. 1997). It is "highly probable" that if Plaintiff prevails in her claims against Defendant, the amount of attorneys' fees would raise the amount in controversy over the $75,000 threshold. *See*, Omega Hospital, LLC v. Community Ins. Co., No. 14-2264 (E.D. La 2014) (copy attached). When the additional damages Plaintiff seeks (economic damages, mental anguish, exemplary damages, and interest) are also considered, it is clear that the threshold is met under the "common sense" standard.

**Plaintiff's Demand**

Additionally, on October 2, 2018, Plaintiff made a demand in this case of $500,000 (Exhibit E to Thomas J. Vargo's Affidavit), which is well over the $75,000 threshold.

Under any of these three approaches (past and future benefits, past benefits plus other damages, or Plaintiff's demand), the $75,000 threshold is met. Accordingly, removal to this Court

is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332.

Concurrent with the filing of this Notice of Removal, Defendant has filed a Notice of Filing Notice of Removal with the Court in the State Action.

The following is a list of counsel of record:

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

***Counsel for Defendant The Lincoln National Life Insurance Company***

Patrick B. Larkin
Texas Bar No. 24013004
The Larkin Law Firm, P.C.
11200 Broadway, Suite 2705
Pearland, Texas 77584
PH: (281) 412-7500
FX: (281) 412-7502
Email: plarkin@larkin-law.com

***Counsel for Plaintiff Timothy Fox***

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Pleading was forwarded by US Priority Mail, delivery confirmation requested, on the 10th day of October 2018 to the following Party:

***Counsel for Plaintiff Timothy Fox***
Patrick B. Larkin
The Larkin Law Firm, P.C.
11200 Broadway, Suite 2705
Pearland, Texas 77584

/ s/ Iwana Rademaekers
Iwana Rademaekers

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TIMOTHY FOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18cv00325 |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S INDEX OF DOCUMENTS FOR REMOVAL**

The following documents have been served or filed in the state court action:

Exhibit 1 State Court Register of Actions

Exhibit 2 Plaintiff's Petition and Civil Case Information Sheet

Exhibit 3 Civil Process Request and Return of Service

Exhibit 4 Affidavit of Thomas J. Vargo