**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| TIMOTHY FOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18cv00325 |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| . | § | |
| | § | |
| Defendant. | § | |

## ANSWER TO PLAINTIFF'S PETITION

Defendant, The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Petition ("Petition") and states as follows:

### I. DISCOVERY

1. Lincoln denies the allegations contained in paragraph 1 of the Petition, as this suit will be governed by the Federal Rules of Civil Procedure.

### II. PARTIES AND SERVICE

2. Lincoln admits the allegations contained in paragraph 2 of the Petition.

3. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is licensed to do business in Texas. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 3 of the Petition.

### III. JURISDICTION AND VENUE

4. Lincoln admits that the United States District Court for the Southern District of Texas has jurisdiction over this matter and that venue is proper in this Court. Lincoln

specifically denies, however, that the bringing of this action or the recitation of jurisdictional basis gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Petition.

## IV. FACTUAL BACKGROUND

5. Lincoln admits that Plaintiff was, at certain times, employed by Brazoria County Texas ("Brazoria") and that Plaintiff was, at certain times, a participant in the long term disability plan (the "LTD Plan"), which was sponsored by Brazoria. Lincoln admits the LTD Plan was, at certain times, insured, at least in part, by the Group Long-Term Disability Insurance Policy (the "LTD Policy") that Lincoln issued to Brazoria. Lincoln denies all remaining allegations contained in paragraph 5 of the Petition.

6. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the Lincoln claim file itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the Lincoln claim file regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the Lincoln claim file itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 6 of the Petition seek to interpret the provisions of the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Petition.

7. Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan. Lincoln admits it sent a letter to Plaintiff dated January 6, 2017, and refers to the letter itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the Lincoln claim file regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the Lincoln claim file itself as the best

evidence of its contents. Lincoln admits that it received first and second level appeals of the denial of further benefits from the LTD Plan under the LTD Policy, along with additional documentation, which are contained in the Lincoln claim file regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the Lincoln claim file itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff dated August 31, 2017, and a letter to Plaintiff's counsel dated June 27, 2018, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals. Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 7 of the Petition.

8. Lincoln admits that physician peer reviews are contained in the Lincoln claim file regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, and Lincoln refers to the Lincoln claim file itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the Lincoln claim file regarding Plaintiff's claim for benefits from the LTD Plan under the LTD Policy, but Lincoln refers to the Lincoln claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Petition.

## V. CAUSES OF ACTION

### *A. Breach of Duty of Good Faith and Fair Dealing*

9. Lincoln admits that Plaintiff was, at certain times, employed by Brazoria and that Plaintiff was, at certain times, a participant in the LTD Plan, which was sponsored by Brazoria. Lincoln admits the LTD Plan was, at certain times, insured, at least in part, by the LTD Policy that Lincoln issued to Brazoria. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the Lincoln claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 9 of the Petition contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 9 of the Petition.

10. To the extent that the allegations contained in Paragraph 10 of the Petition seek to interpret the provisions of the LTD Policy, Lincoln refers to the LTD Policy itself as the best evidence of its contents. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the Lincoln claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 10 of the Petition.

11. Lincoln denies the allegations contained in Paragraph 11 of the Petition.

12. Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever and denies all allegations contained in Paragraph 12 of the Petition.

***B. Breach of Insurance Contract***

13. Lincoln admits that Plaintiff was, at certain times, employed by Brazoria and that Plaintiff was, at certain times, a participant in the LTD Plan, which was sponsored by Brazoria. Lincoln admits the LTD Plan was, at certain times, insured, at least in part, by the LTD Policy that Lincoln issued to Brazoria. Lincoln denies all remaining allegations contained in Paragraph 13 of the Petition.

## VI. DAMAGES

14. Lincoln denies the allegations contained in Paragraph 14 of the Petition.

Lincoln denies all allegations contained in the Petition not specifically admitted herein.

## VII. ATTORNEYS FEES

15. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 15 of the Petition.

No response is required to the "PRAYER" of the Petition, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Lincoln denies each and every allegation not expressly admitted herein and specifically denies that Plaintiff is entitled to recovery on any claims in the Petition.

## AFFIRMATIVE DEFENSES

1. Lincoln's actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith

belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

2. At all relevant times, Lincoln has acted in full compliance with the terms and provisions of the relevant disability benefits policy and all applicable laws.

3. Some or all of the claims asserted or relief sought by Plaintiff in the Petition are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or failure to fulfill conditions precedent under the terms of the applicable plan because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

4. Plaintiff's claims against Lincoln are barred by the terms, conditions, limitations, and exclusions specified in the relevant disability benefits policy.

5. Plaintiff was not "disabled" as defined by the applicable definition contained in the relevant disability benefits policy, and thus, did not qualify for benefits under the policy.

6. Lincoln's actions in this matter neither breached the Texas Insurance Code nor constituted unfair methods of competition or unfair and deceptive acts or practices in the business of insurance.

7. Lincoln specifically denies that it misrepresented, suppressed, or concealed material facts to Plaintiff.

8. Lincoln denies that it was unjustly enriched or breached any duty owed to Plaintiff.

9. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the policy and/or the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited

to, income earned by Plaintiff and any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

10. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

11. Plaintiff's claims are barred to the extent the Petition was not filed within the Policy or statutory limitations period.

12. Plaintiff has failed to provide adequate proof of loss under the Policy.

13. The damages asserted by Plaintiff were the result of Plaintiff's own actions and/or Plaintiff failed to mitigate damages.

14. Lincoln was not the proximate cause of the damages asserted by Plaintiff.

15. Lincoln reserves the right to assert additional defenses.

.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 17th day of October 2018.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550

Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT
THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Patrick B. Larkin
Email: plarkin@larkin-law.com

October 17, 2018 /s/ Iwana Rademaekers
Date Iwana Rademaekers